# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ANTHONY MCCLENDON,

          Plaintiff,

v.

WALMART, INC.,

          Defendant.

Case No. 2:20-cv-00474-JAD-DJA

**ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Complaint to Substitute John Doe Walmart Employee with Renato Sevilla (ECF No. 14), filed on May 22, 2020. The Court also considered Defendant's Response (ECF No. 17), filed on June 5, 2020, and Plaintiff's Reply (ECF No. 18), filed on June 16, 2020[1]. The Court finds the Motion properly resolved without a hearing. *See* Local Rule 78-1.

## I.    BACKGROUND

Plaintiff commenced this action in state court on December 18, 2019 and it was later removed by Defendant on March 6, 2020. (ECF No. 1). It concerns an alleged incident on January 1, 2018 in which Plaintiff claims to have been injured when a Walmart Employee dropped a large case on his head. He now seeks to amend his Complaint to add claims against Renato Sevilla whose identity he first discovered through Defendant's disclosure of the incident report on May 1, 2020. Plaintiff claims the amendment should be permitted because it is not made in bad faith and there has been no undue delay. (ECF No. 14). Defendant opposes the amendment claiming that the addition of Sevilla is solely intended to defeat diversity jurisdiction,

---

[1] The Court notes that Plaintiff's Reply was untimely filed as it was due on June 12, 2020. Plaintiff fails to provide any explanation for the delay, but the Court will consider it in order to decide this matter on the merits.

his addition is futile, and the amendment is brought in bad faith.  (ECF No. 17).  Plaintiff replies that he may assert a negligence cause of action against Sevilla because unlike a typical respondeat superior situation, his direct actions caused Plaintiff's injuries beyond the course and scope of employment.  (ECF No. 15).

**II.   DISCUSSION**

Plaintiff moves to amend under Fed.R.Civ.P. 15, which is a permissive standard that the court should freely give leave when justice so requires.  However, higher scrutiny is required because Plaintiff requests a post-removal joinder of a diversity-destroying defendant.  Accordingly, 28 U.S.C. §1447(e) sets forth the applicable standard as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*See also Lieberman v. Wal-Mart Stores, Inc.*, 2013 WL 596098 (D. Nev. Feb. 15, 2013).

Courts have discretion to consider the following factors when ruling on a motion that would destroy diversity jurisdiction:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Hardin v. Wal–Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173–74 (E.D. Cal. 2011), aff'd in part, 604 Fed.Appx. 545 (9th Cir. 2015); *see also Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016 (C.D. Cal. 2002).  "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder."  *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

Plaintiff's proposed Amended Complaint contains the allegation that Sevilla "breached his duty of care by failing to safely stock the shelves by negligently dropping a heavy can onto Plaintiff," which charges Sevilla as being directly responsible for her injury.  (ECF No. 14-5, p. 5, ¶25).  Unlike typical premise liability cases, Sevilla has a more than tangential relationship to Plaintiff's claims due to his direct involvement in his injury.  Also, because a Defendant may be vicariously liable under the respondeat superior doctrine, personal liability of Sevilla is not

precluded. Indeed, Defendant has not stipulated to Sevilla acting within the course and scope of his employment or that they would be responsible for satisfying any judgment against him. As such, the first factor weighs in favor of allowing amendment.

The parties do not address the statute of limitations for Plaintiff to file a lawsuit against Sevilla in state court. Assuming a two-year statute of limitations applies from the date of the incident, Plaintiff is likely barred from filing a redundant state court lawsuit against Sevilla. Further, although simple, Plaintiff's Complaint contains sufficient factual allegations to ascertain the factual basis for Sevilla's addition in this case and relate back to the DOE defendant in the original complaint, as he is the alleged unidentified employee who dropped the can resulting in Plaintiff's injuries. As such, the second factor weighs in favor of allowing amendment.

As for the third factor, the Court does not find that Plaintiff's delay in filing the instant motion, a little over two months after the removal and five months after initiating this action in state court, is unreasonable. Plaintiff contends that it only found out the identity of Sevilla as a result of Defendant's disclosure of the incident report on May 1, 2020. Indeed, in *Boon*, a delay of less than three months after the original complaint, and less than a month after removal, was not found to be unreasonable. *Boon*, 299 F.Supp.2d at 1016. The third factor weighs in favor of amendment.

The fourth factor is motive in seeking joinder, which should be carefully examined here because allowing the amendment would destroy diversity jurisdiction. *See Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). Plaintiff claims that the amendment is not intended to destroy as he only seeks to add the employee responsible for Plaintiff's injuries. (ECF No. 14). Defendant responds that Plaintiff's sole motivation is to destroy diversity because Plaintiff's negligence claim would not be harmed by Sevilla's absence as a defendant. (ECF No. 17). The timing is suspect because Judge Dorsey already denied Plaintiff's Motion to Remand on May 18, 2020 and Plaintiff filed the instant Motion four days later. (ECF No. 13). However, Plaintiff has a reasonable motive to add Sevilla given his alleged role in the injury, possible intentional conduct, and potential individual liability. Therefore, this factor weighs in favor of allowing amendment.

Having reviewed the parties' arguments on the fifth factor regarding prejudice, the Court is not persuaded by either side. However, the issue of respondeat superior is not yet decided and Plaintiff should be permitted to assert a separate negligence claim against the individual employee who he claims is directly responsible for his injuries. Therefore, the Court finds this factor weighs in favor of allowing amendment.

Finally, as to the merits of the claims to be added against Sevilla, the Court finds this factor weighs in favor of amendment. Sevilla has more than an alleged tangential relationship to Plaintiff's injury as he is the alleged actor who dropped the can. This District Court has previously found the addition of an employee who had a direct relationship to the injury warranted. *See e.g., Lieberman*, 2013 WL 596098; *Patton v. Wal-Mart Stores, Inc.*, 2016 WL 7378989 (D. Nev. Dec. 19, 2016); *compare Lopez v. Kroger Co.*, 2017 WL 3142471 (D. Nev. July 24, 2017) (finding employee's inaction too tenuous of a connection to give rise to employee's own liability). Considering all of the factors, the Court will exercise its discretion to grant the amendment.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Complaint to Substitute John Doe Walmart Employee with Renato Sevilla (ECF No. 14) is **granted**. Plaintiff shall file and serve his Amended Complaint in accordance with Local Rule 15-1(b).

DATED: June 17, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE